# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JEROME W. WAGNER,

    Plaintiff,

v.                                           Case No. 8:09-cv-1427-T-30TGW

FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES,

    Defendant.
_____/

## **O R D E R**

This matter comes before the Court upon review of the file. Plaintiff, a civil detainee at the Florida Civil Commitment Center, Arcadia, Florida, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1), and a motion for leave to proceed in this action *in forma pauperis* (Dkt. 2). Plaintiff alleges in his Complaint that in 1999, the State of Florida invaded his privacy by using his juvenile records without his consent, then detained him at the Florida Civil Commitment Center (Dkt. 1 at 8). He also alleges that in 1997, he was "set up" on a rape charge (Id. at pgs. 9-10). He further claims that a Janet Dotterweich stole records from Indiana, altered them so that they indicated that Plaintiff had molested and murdered Jimmy Ryce, then sold them to the State of Florida for 150 million dollars (Id. at 11). Next, he claims Dotterweich's daughter "cut [his] skull open on the top of [his] head, made [his] brain the size of a softball and put a wireless camera behind [his] eyes." (Id. at 12). Plaintiff goes on to assert more fantastical claims about stolen body parts,

then claims that he can prove his innocence of the crime for which he was convicted, and for which he is currently being detained at the Florida Civil Commitment Center (Id. at 12-14).

For relief, Plaintiff asks the Court to order his release him from civil detainment, and he seeks monetary damages from Defendant.

**Analysis**

Because Plaintiff seeks to proceed *in forma pauperis* (See Dkt. 2), this Court is required to review his case to determine whether his allegation of poverty is untrue, *see* 28 U.S.C. § 1915(e)(2)(A), or whether the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. *See id.* at 328. Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, or when the claims rely on factual allegations which are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

To the extent Plaintiff seeks release from his civil detainment, said relief is not available in a § 1983 cause of action. Plaintiff must pursue relief under 28 U.S.C. § 2254. An individual seeking to challenge his conviction or confinement files a "petition for writ of habeas corpus" pursuant to § 2254. 28 U.S.C. § 2254(a). Claims challenging the fact of

conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983. *Nelson v. Campbell*, 541 U.S. 637 (2004); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Thus, a civil rights action under § 1983 is the appropriate relief when an individual constitutionally challenges the conditions of his confinement, but not the fact or length of his confinement. *Preiser*, 411 U.S. at 499. *See also Cook v. Baker*, 139 Fed.Appx. 167, 168 (11th Cir. 2005).

To the extent Plaintiff seeks monetary damages, his claims are frivolous and fantastical. Moreover, because Plaintiff did not file this § 1983 action within Florida's four-year statute of limitations for filing personal injury actions, this action is time-barred. Fla. Stat. § 95.11(3); *Wilson v. Garcia*, 471 U.S. 261, 270-75 (1985) (concluding that § 1983 actions are best characterized as personal injury actions and that the forum state's statute of limitations for personal injury actions applies). Finally, Defendant is a state agency. Therefore, it is not a "person" subject to suit under 42 U.S.C. § 1983. *Will v. Mi. Dep't of State Police*, 491 U.S. 58, 66-67 (1989). "The Eleventh Amendment bars such suits unless the State has waived its immunity." *Will*, 491 U.S. at 66. This prohibition extends to state agencies. *Id.*; *see Vierling v. Celebrity Cruises, Inc.*, 339 F.3d 1309, 1314 (11th Cir. 2003). Florida has not consented to be sued or waived its Eleventh Amendment immunity to § 1983

claims in federal court. *Id.* (citing *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1515-16 (11th Cir. 1986)). Accordingly, the Eleventh Amendment bars claims for civil rights damages against Defendant. *Id.*

ACCORDINGLY, the Court **ORDERS** that:

1. This case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is frivolous and seeks monetary relief against a defendant who is immune from such relief.

2. The **Clerk** shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 29, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*